UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISIDORO SAUCEDA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:17CV1510 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of movant's response to the order to show cause.[1] Having carefully reviewed movant's response, the Court concludes that his arguments are without merit and that the instant action is time-barred under 28 U.S.C. § 2255.

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposed a one-year statute of limitations on motions by prisoners seeking to modify, vacate, or correct their federal sentences. *Johnson v. United States*, 544 U.S. 295, 299 (2005). The one-year time limit generally begins to run on the date the prisoner's judgment of conviction becomes final. *See* 28 U.S.C. § 2255.

Movant concedes that his conviction became final on April 27, 2016, and his time for filing his § 2255 motion was on or before April 27, 2017. He filed his § 2255 motion on May 15, 2017, which is out of time. Nevertheless, movant contends that the Court should apply the equitable tolling doctrine to excuse his untimely filing of his § 2255 motion. The Court finds equitable tolling is not warranted in this case.

---

[1] On July 12, 2017, the Court ordered movant to show cause as to why the Court should not dismiss the instant motion to vacate, set aside, or correct sentence as time-barred.

1

The Eighth Circuit has established two tests for determining when equitable tolling of the limitation period for filing a motion to vacate is appropriate: (1) whether extraordinary circumstances beyond the movant's control kept him from filing a timely motion; or (2) whether the movant relied on government conduct that lulled him into inaction. *See United States v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (citations omitted). Additionally, equitable tolling should only apply where the movant has demonstrated diligence in pursuing the matter.

Movant relies on the first of the two tests, "extraordinary circumstances," to assert equitable tolling. Movant states that a medical condition he has had since 2011, and the medications associated with the condition, rendered him "almost incapacitated." Also, movant states that he does not read or write or understand the English language, and he did not have access to a law library until May 10, 2016. He states the law library does not have legal materials in Spanish, and he lacked assistance because most of his fellow inmates do not understand legal materials.

Plaintiff had more than eleven months at the Great Plains Correctional Facility before the expiration of his one-year limitations period, with access to legal materials to help prepare a § 2255 motion. Courts in this circuit have repeatedly held that lack of access to Spanish legal materials does not constitute extraordinary circumstances, especially when movant fails to demonstrate that he diligently sought legal materials in Spanish or that he sought the services of an interpreter to assist him. *See United States v. Gaxiola*, 2006 WL 3209117, *1 (D. Minn. Nov. 7, 2006) (finding no equitable tolling where petitioner failed to demonstrate diligence in seeking legal materials in Spanish); *see also United States v. Soberanis-Sagrero*, 2007 WL 2509724, *3 (D. Minn. Aug. 30, 2007) (citing cases) ("Many federal prisoners are in the same

position as defendant, yet are able to comply with the one-year filing requirement for a § 2255 motion"). In *Soberanis-Sagrero*, the district court denied equitable tolling to a prisoner who alleged he could not understand English, that his prison law library did not contain legal materials written in Spanish, and that he had no access to Spanish-speaking law library clerks. The court noted that many federal prisoners in the same position are able to comply with the one-year filing requirement. *Id.* at *2-3. *See also Mendoza v. Minnesota*, 100 F. App'x 587, 588 (8th Cir. 2004) (per curiam) (affirming district court's dismissal of petitioner's § 2254 motion where petitioner had argued he was not fluent in English).

Nor does plaintiff's medical condition constitute extraordinary circumstances beyond plaintiff's control that made filing a timely motion impossible. Movant states that in 2011 he had a heart attack and doctors inserted a stent and "did some surgery to open [his] artery for better blood flow." He states that after the surgery he was heavily medicated, which caused him to suffer from dizziness, blurred vision, stomach problems, and headaches. He states he was "almost incapacitated by it, and lacked ability to think straight and rational." He attaches medical records to his response, but these medical records show little more than the prescription medications plaintiff took at various times.

The Eighth Circuit has recognized that a "mental impairment can be an extraordinary circumstance" justifying equitable tolling of the AEDPA's statute of limitations. *See Nichols v. Dormire*, 11 F. App'x 633, 634 (8th Cir. 2001) (per curiam). Here, however, movant does not allege a mental impairment, but alleges physical symptoms resulting from his medications. By his own admission, these symptoms were not incapacitating. "For [movant's] medical condition to justify the delay, he must provide sufficient facts demonstrating that hospitalization

or a medical condition incapacitated him and prevented a timely filing." *Pawliszko v. Smith*, 2012 WL 4815597, *2 (D. Minn. Oct. 10, 2012). Movant has not provided any evidence that his medical condition incapacitated him or prevented his timely filing.

The Court finds that movant has not demonstrated extraordinary circumstances beyond his control, making it impossible to file his § 2255 motion on time. Therefore, the doctrine of equitable tolling does not apply, and movant's motion must be dismissed as untimely.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct illegal sentence pursuant to 28 U.S.C. § 2255 is **DENIED**. *See* Rule 4 of the Rules Governing § 2255 Proceedings.

**IT IS FURTHER ORDERED** that the Court will not issue a Certificate of Appealability. *See* 28 U.S.C. § 2253.

Dated this 27th day of October, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE