UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ISIDORO SAUCEDA, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:17CV1510 HEA |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon movant's motion to reconsider the denial of his motion to vacate his sentence under 28 U.S.C. § 2255. The Court will reconsider the Opinion, Memorandum, and Order dated October 27, 2017 to correct a clerical error, but will deny movant's motion in all other respects.

In its Opinion, Memorandum, and Order dated October 27, 2017, the Court stated that movant filed his § 2255 motion on May 15, 2017. This was the date the Court received movant's motion in the mail. In his motion for reconsideration, movant states he placed his § 2255 motion in the prison's mailing system on May 1, 2017; therefore, under the mailbox rule, his date of filing was May 1, 2017. Movant is correct. The Court will issue an Order Nunc Pro Tunc correcting the error.

To the extent movant seeks additional relief in his motion to reconsider, the motion will be denied. The Court has previously found that movant's heart condition did not warrant equitable tolling of his one-year statute of limitations. In his motion to reconsider, movant states that the Court misconstrued his language, specifically the phrase "almost incapacitated."

1

Movant states, "What Petitioner meant by 'almost incapacitated' is that 'he was incapacitated but he was able to do basic routine acts such as taking pills, eating food, taking shower.'"

The Court notes that the medical procedure movant complains of was performed prior to his sentencing, and therefore prior to the start of his one-year limitations period. This procedure could not have interfered with his ability to timely file his § 2255 motion. *See* Doc. 10 ("Before the sentencing [movant] was taken to the hospital, and doctors did some surgery to open artery for better blood flow. After the surgery petitioner has been on heavy medication."). To the extent movant claims side effects from his medications prevented his timely filing, he has not provided sufficient facts demonstrating incapacitation. "For [movant's] medical condition to justify the delay, he must provide sufficient facts demonstrating that hospitalization or a medical condition incapacitated him and prevented a timely filing." *Pawliszko v. Smith*, 2012 WL 4815597, *2 (D. Minn. Oct. 10, 2012).

Based on movant's medical records attached to his response to the show cause order, movant was prescribed maintenance medication for his high blood pressure and heart problems while at Great Plains Correctional Facility. The Court cannot find this medication or any side effects caused "extraordinary circumstances" beyond his control that made it impossible to file his motion on time. Movant's medical records show that he complained of "some nausea and vomiting" on one occasion, January 24, 2017, but that these problems had resolved by the time he received medical attention. There is no indication in his medical records that he sought medical attention to address any alleged side effects of his medication, *i.e.*, dizziness, blurred vision, stomach problems. Without any records to support his claim that his prescription medication caused him to be incapacitated for nearly a year, the Court cannot find this medical

2

condition justified the delay. The Court finds that movant has not demonstrated extraordinary circumstances beyond his control, making it impossible to file his § 2255 motion on time.

Accordingly,

**IT IS HEREBY ORDERED** that to the extent movant's motion to reconsider seeks to correct the Court's Opinion, Memorandum, and Order dated October 27, 2017 to reflect that movant filed his 28 U.S.C. § 2255 motion on May 1, 2017, the motion is **GRANTED**. The Court will issue and Order Nunc Pro Tunc reflecting that movant's motion was filed May 1, 2017.

**IT IS FURTHER ORDERED** that movant's motion to reconsider will be **DENIED** in all other respects. [ECF No. 13]

Dated this 29th day of November, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE